Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC, | **22-cv-9384 (JMF)** |
| *Plaintiff* | |
| v. | [PROPOSED] **PRELIMINARY INJUNCTION ORDER** |
| 19885566 STORE, ANKANG AIDUOBAO ANIMATION CULTURE INDUSTRY CO., LTD., BAEBAE STORE, BAODING KAIYU ARTS & CRAFTS MANUFACTURING CO., LTD., CHINESE PLUSH TOY STORE, COMFORTABLE LIFE 1026 STORE, CZ TOY STORE, DEERBABY TOY STORE, DOLLFIGE STORE, DONGGUAN BINFA TOYS CO., LTD., DONGGUAN JUN OU TOYS CO., LTD., DONGGUAN YIKANG PLUSH TOYS CO., LTD., DONGGUAN YOURUN TOYS LTD., DONGGUAN YUANKANG PLUSH TOYS CO., LTD., DROPSHOIP TOY STORE, FASHION HELLO KITTY SECRET STORE, FASHION TRENDS STORE, FORKIDS STORE, FUN PLUSH TOY STORE, FUNFUN TOY STORE, FUZHOU ZHONGCHUANG TIMES TECHNOLOGY CO., LTD., GISELLE TOYS STORE, GUANGDONG HAYIDAI TOYS CO., LTD., GUANGZHOU KINGKONG INDUSTRIAL CO., LTD., HANGZHOU BAIXIN IM.& EXP. CO., LTD., HI TOY TRIBE STORE, HOUSE ZONE STORE, JANEDREAM BABY STORE, JINHUA HAIRONG IMPORT AND EXPORT CO., LTD., JOEANNO TOY FACTORY STORE, KI HOUSE TOY STORE, KK | |

SMART TOY STORE, MARKET SHOP STORE, MILIBLANKET STORE, ONE-OF-A-KIND CABIN STORE, POINT ALL STORE, PROBRA OFFICIAL STORE, QINGDAO QUNZE TOYS CO., LTD., REAL INTERNATIONAL TRADING (SHANGHAI) CO., LTD., ROAD TO MUG STORE, ROMD BLANKET STORE, SHANGHAI RBIN INDUSTRY AND TRADE CO., LTD., SHANGHAI ZHEYI TRADING CO., LTD., SHENZHEN HUAMING JUN RUBBER CO., LTD., SHENZHEN OUCHENG ELECTRONIC COMMERCE CO., LTD., SHENZHEN SIRUIQI ELECTRONIC COMMERCE CO. LTD, SHIJIAZHUANG JOYCE TECHNOLOGY CO., LTD., SHOP1100006046 STORE, SHOP1100064019 STORE, SHOP1100085091 STORE, SHOP1100180251 STORE, SHOP1102064132 STORE, SHOP1102115801 STORE, SHOP1102135777 STORE, SHOP1102138263 STORE, SHOP1102156837 STORE, SHOP1102174373 STORE, SHOP1102195438 STORE, SHOP1102197245 STORE, SHOP5240333 STORE, SHOP5603037 STORE, TAIZHOU WOTONG INTERNATIONAL TRADING CO., LTD., TOY ANIME STORE, TOYFOND STORE, TOYS HEAVEN STORE, TOYSAGEYOUNG88 STORE, VA888 STORE, VGR HOME APPLIANCES STORE, WUHAN TKNOW TOYS CO., LTD., XIAMEN HOTITEM TECHNOLOGY CO., LTD., XIAOCHA TOY STORE, YANGHZOU U-TRON IMPORT & EXPORT CO., LTD. , YANGZHOU ALIJIA PLUSH TOYS CO., LTD., YANGZHOU JINRUNAN MATERNITY & BABY PRODUCTS CO., LTD., YANGZHOU MARISA TOY GIFTS CO., LTD., YANGZHOU MOVA TOYS TRADE CO., LTD., YANGZHOU STECH TOYS CO., LTD., YANGZHOU STEP TOYS & GIFTS CO., LTD., YANGZHOU STEP TOYS AND GIFTS CO., LTD., YIWU DAZZER CLOTH CO., LTD., YIWU LEO TRADING CO., LTD., YIWU QIBA TRADING FIRM, YIWU TANGAO E-COMMERCE FIRM, YIWU YIXUN TOYS CO., LTD., YIWU YIYA TOY CO., LTD., YIZHENG CITY HONGMER ELECTRONICS CO., LTD., YOOCOUR SPECIALITY STORE, YUJIAHOMEY STORE, ZHENGZHOU NUOWEN IMPORT AND EXPORT TRADE CO., LTD. AND ZL FENG XINGTIANXIA STORE,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC |
| **Defendants** | 19885566 Store, Ankang Aiduobao Animation Culture Industry Co., Ltd., BAEBAE Store, Baoding Kaiyu Arts & Crafts Plush Manufacturing Co., Ltd., Chinese Plush Toy Store, Comfortable life 1026 Store, Cz Toy Store, DeerBaby Toy Store, Dollfige Store, Dongguan Binfa Toys Co., Ltd., Dongguan Jun Ou Toys Co., Ltd., Dongguan Yikang Plush Toys Co., Ltd., Dongguan Yourun Toys Ltd., Dongguan Yuankang Plush Toys Co., Ltd., Dropshoip Toy Store, Fashion Hello Kitty Secret Store, Fashion trends Store, ForKids Store, Fun Plush Toy Store, FunFun Toy Store, Fuzhou Zhongchuang Times Technology Co., Ltd., Giselle toys Store, Guangdong Hayidai Toys Co., Ltd., Guangzhou Kingkong Industrial Co., Ltd., Hangzhou Baixin Im.& Exp. Co., Ltd., Hi Toy Tribe Store, House Zone Store, Janedream Baby Store, Jinhua Hairong Import And Export Co., Ltd., Joeanno Toy Factory Store, ki house toy Store, KK Smart Toy Store, market Shop Store, miliblanket Store, One-of-a-kind cabin Store, Point all Store, PROBRA Official Store, Qingdao Qunze Toys Co., Ltd., Real International Trading (Shanghai) Co., Ltd., Road to Mug Store, ROMD Blanket Store, Shanghai Rbin Industry And Trade Co., Ltd., Shanghai Zheyi Trading Co., Ltd., Shenzhen Huaming Jun Rubber Co., Ltd., Shenzhen Oucheng Electronic Commerce Co., Ltd., Shenzhen Siruiqi Electronic Commerce Co. LTD, Shijiazhuang Joyce Technology Co., Ltd., Shop1100006046 Store, Shop1100064019 Store, Shop1100085091 Store, Shop1100180251 Store, Shop1102064132 Store, Shop1102115801 Store, Shop1102135777 Store, Shop1102138263 Store, Shop1102156837 Store, Shop1102174373 Store, Shop1102195438 Store, Shop1102197245 Store, Shop5240333 Store, Shop5603037 Store, Taizhou Wotong International Trading Co., Ltd., Toy Anime Store, Toyfond Store, Toys Heaven Store, ToysAgeYoung88 Store, VA888 Store, VGR Home Appliances Store, Wuhan Tknow Toys Co., Ltd., Xiamen Hotitem Technology Co., Ltd., xiaocha Toy Store, Yanghzou U-Tron Import & Export Co., LTD. , Yangzhou Alijia Plush Toys Co., Ltd., Yangzhou Jinrunan Maternity & Baby Products Co., Ltd., Yangzhou Marisa Toy Gifts Co., Ltd., Yangzhou Mova Toys Trade Co., Ltd., Yangzhou Stech Toys Co., Ltd., |

| | Yangzhou Step Toys & Gifts Co., Ltd., Yangzhou Step Toys And Gifts Co., Ltd., Yiwu Dazzer Cloth Co., Ltd., Yiwu Leo Trading Co., Ltd., Yiwu Qiba Trading Firm, Yiwu Tangao E-Commerce Firm, Yiwu Yixun Toys Co., Ltd., Yiwu Yiya Toy Co., Ltd., Yizheng City Hongmer Electronics Co., Ltd., Yoocour Speciality Store, YujiaHomey Store, Zhengzhou Nuowen Import And Export Trade Co., Ltd. and ZL Feng xingtianxia Store |
|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Kelly Dec.** | Declaration of Jonathan Kelly in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Squishmallows Application** | U.S. Trademark Serial Application No.: 90/676,140 for "ORIGINAL SQUISHMALLOWS," for goods in Class 28 |
| **Squishmallows Registrations** | U.S. Trademark Registration Nos.: 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; 2,029,047 for "KELLYTOY" for goods in Class 28; and 6,654,108 for "SQUISHMALLOWS HUG MEES" for goods in Class 28 |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations |

|  | and Squishmallows Application |
|---|---|
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint |
| **Squishmallows Products** | A line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5-inch clip-ons to extra-large 24 inch plush toys, and have expanded to other styles including Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows. |
| **Counterfeit Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service** | Online marketplace platforms, including, without |

| | |
|---|---|
| **Providers** | limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on November 2, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on November 14, 2022, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on December 12, 2022 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on December 6, 2022, Plaintiff filed a letter requesting to partially modify the TRO;

WHEREAS, on that same day, December 6, 2022, the Court entered an order partially modifying the briefing schedule in the TRO ("December 6, 2022 Order");

WHEREAS, on December 9, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the December 6, 2022 Order and on each and every Defendant;

WHEREAS, on December 12, 2022 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this

action or until further order of the Court:

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Squishmallows Marks and/or Squishmallows Works and/or marks or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Squishmallows Marks and/or Squishmallows Works;

ii. directly or indirectly infringing in any manner Plaintiff's Squishmallows Marks and/or Squishmallows Works;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and/or Squishmallows Works, to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Squishmallows Marks and/or Squishmallows Works and/or any other marks that are confusingly similar to the Squishmallows Marks and/or any other artwork that is substantially similar to the Squishmallows Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

2

Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii.  knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(i) through I(A)(vii) above and I(B)(i) through I(B)(ii) and I(C)(i) below.

b)  Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the

Court:

    i.   secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

    ii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

    iii.  knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(i) through I(A)(vii) and I(B)(i) through I(B)(ii) above and I(C)(i) below.

c)  Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i.   providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

    ii.  knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(i) through I(A)(vii) and I(B)(i) through I(B)(ii) above and I(C)(1) above.

2.  As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this action, including that:

a)  within seven (7) days of receipt of notice of this Order, any newly discovered Financial

Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this action, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

      i.   account numbers;

      ii.  current account balances;

      iii. any and all identifying information for Defendants, Defendants' User Accounts, and Defendants' Merchant Storefronts, including, but not limited to, names,

addresses and contact information;

    iv.    any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    v.    any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi.    any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d)    Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph VI of the TRO;

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph I(C) of the TRO;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Squishmallows Marks and/or Squishmallows Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Squishmallows Marks and/or Squishmallows Works.

4.  Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), as sufficient cause has been shown, service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a)    delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication

through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO or may otherwise be determined; or

b)      delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

5.   As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, including Joyce Xiang, joyce.xiang@antgroup.com, Ann, wb-wny616059@antgroup.com, and Yuki, wb-yj965636@antgroup.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc., at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@us.dlapiper.com, respectively; and

e) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at legal-int@pingpongx.com.

6. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _Sixth_ day of _January_____, 2023, at _10:30____ _a_.m.
New York, New York

Plaintiff shall file a status update, to include any proposal regarding default judgment proceedings, **within ninety days of the date of this Order**.

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE