```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
KELLY TOYS HOLDINGS, LLC,                                          :
                                                                   :
                               Plaintiff,                          :
                                                                   :       22-CV-9384 (JMF)
               -v-                                                 :
                                                                   :       MEMORANDUM OPINION
19885566 STORE, et al.,                                            :              AND ORDER
                                                                   :
                               Defendants.                         :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On July 12, 2023, Alibaba filed a motion seeking reconsideration of this Court's June 29, 2023 Opinion and Order ("Contempt Order"), and a stay of enforcement of the Contempt Order pending a ruling on its motion, ECF No. 104, which the Court granted temporarily, ECF No. 107. Plaintiff then filed a letter in opposition to the stay, *see* ECF No. 109; both Alibaba and Plaintiff filed additional letters thereafter, *see* ECF Nos. 111 and 112. Upon review of the parties' papers, the Court GRANTS the motion to stay in part and DENIES it in part.

First, Alibaba's motion to stay is GRANTED insofar as the Contempt Order requires Alibaba to prevent merchants from listing or re-listing counterfeit Squishmallows, substantially for the reasons set forth in Alibaba's motion, *see* ECF No. 105, at 17-22. Most importantly, Alibaba has demonstrated that it would likely face irreparable harm to its business reputation if that portion of the Contempt Order went into effect. Alibaba makes a colorable argument that the only way it can prevent Defendants from listing or re-listing counterfeit products is to fully take down their storefronts and, if it does so, it risks alienating Defendants and other merchants. *Id.* at 18. That is sufficient to show irreparable harm. *See, e.g.*, *Rex Med. L.P. v. Angiotech Pharms. (US), Inc.*, 754 F. Supp. 2d 616, 621 (S.D.N.Y. 2010) ("Typically, cases where courts

have found irreparable harm from a loss of goodwill or business relationships have involved situations where the dispute between the parties leaves one party unable to provide its product to its customers."); *Regeneron Pharms., Inc. v. U.S. Dep't of Health & Human Servs.*, 510 F. Supp. 3d 29, 40 (S.D.N.Y. 2020) (finding that a loss of existing business and new customers is sufficient to show irreparable harm).

By contrast, Alibaba's motion to stay is DENIED to the extent that the Contempt Order prohibits Alibaba from promoting Defendants' counterfeit Squishmallows through sponsored advertisements, keyword searches on Alibaba, targeted emails, or other means.  Notably, Alibaba contends that it has already taken steps to comply with this portion of the Contempt Order.  *See* ECF No. 105, at 21.  Plaintiff heavily disputes that, ECF No. 109, at 2-3 & n.5, but either way it amounts to a concession that Alibaba *can* comply with those portions of the Contempt Order without suffering undue hardship.  Nor do any of the other factors for granting a stay weigh strongly in its favor on that score.  Alibaba is thus ordered to comply with the Contempt Order to the extent it prohibits Alibaba from promoting Defendants' counterfeit Squishmallows.

For these reasons, Alibaba's motion to stay the Contempt Order pending a ruling on the motion for reconsideration is GRANTED in part and DENIED in part.

SO ORDERED.

Dated: July 20, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge