UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
KELLY TOYS HOLDINGS, LLC,                                              :
:
Plaintiff,                                :
:                    22-CV-9384 (JMF)
-v-                                           :
:                    MEMORANDUM OPINION
19885566 STORE, et al.,                                                :                     AND ORDER
:
Defendants.                              :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 20, 2023, the Court granted in part and denied in part Alibaba's motion to stay its June 29, 2023 Opinion and Order ("Contempt Order") (ECF No. 101). ECF No. 113 ("Stay Order"). Specifically, the Court granted Alibaba's motion to stay to the extent the Contempt Order required Alibaba to prevent Defendants from listing or re-listing counterfeit Squishmallows, but it denied Alibaba's motion to the extent that the Contempt Order prohibited Alibaba from promoting Defendants' counterfeit Squishmallows. *Id.* Shortly thereafter, Alibaba filed a letter seeking clarification of the Stay Order. ECF No. 114 ("Alibaba Ltr."). Alibaba concedes that if it receives notice of an infringing listing from Plaintiff, it can and will prevent promotional advertisements and emails regarding that listing, but it asserts that it does not have an easy way to prevent promotions of listings that it does not know are infringing. *Id.* at 2. Instead, Alibaba contends — for the first time — that the only way it can prevent promotions of listings it does not know are infringing is to bar Defendants from advertising any listings. *Id.* In response, Plaintiff argues that Alibaba is on notice that there are no legitimate Squishmallows for sale on any Alibaba platform, or anywhere in China, so that any product using the Squishmallow marks or Squishmallow works is necessarily counterfeit. ECF No. 116 ("Pl.'s Ltr."), at 2.

Accordingly, Plaintiff contends that Alibaba should be required to cease promoting counterfeit Squishmallows even without prior notice from Plaintiff. *Id.* at 2, 4.

The Court largely agrees with Plaintiff. First, Alibaba had ample opportunity — in response to Plaintiff's motion for contempt and in connection with Alibaba's own motion to stay — to make this argument earlier, but it failed to do so. Second, and in any event, Alibaba is on notice that there are no authentic Squishmallows for sale on any Alibaba platform and has notice of Plaintiff's protected trademarks and copyrights. *See, e.g.*, ECF Nos. 34-2, 34-3, 72-2, 72-3. Alibaba should therefore be able to identify (or, as discussed below, at least make a good faith effort to identify) any products that are infringing on Defendants' storefronts. At a minimum, Alibaba can identify any listing that uses the term "Squishmallows" or a close variation thereof, such as "Squishmallowing" or "Squish Mallow." *See* ECF No. 105-1, at 85-86. And because Alibaba concedes that it can manually block "any listings" on Defendants' storefronts from being advertised or promoted (as it is already doing with those listings it knows to be infringing), *see* Alibaba Ltr. 2, it has the technological capability to block listings on Defendants' storefronts that infringe Plaintiff's trademarks or copyrights. Alibaba can do so, moreover, without causing irreparable harm to its business relationships as Alibaba need not stop promotional activities for all of Defendants' listings, let alone fully take down Defendants' storefronts. *See* Stay Order.

In short, Alibaba's request for "clarification" — which is, at bottom, a belated request to narrow the Court's prior Orders granting injunctive relief — is denied. Thus, Alibaba is required to stop advertising and promoting infringing Squishmallow products on Defendants' storefronts, whether or not it has received prior notice from Plaintiff about that particular listing. To the extent that Alibaba exercises reasonable diligence and makes a good faith attempt to comply, but an infringing Squishmallow product slips by, whether due to human error or a failure to

recognize a product as an infringing Squishmallow, Alibaba will not be further penalized.  *See, e.g.*, *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (explaining that a party may be held in civil contempt only if, among other things, "the contemnor has not diligently attempted to comply [with the court orders] in a reasonable manner"); *Nike, Inc. v. Wu*, No. 13-CV-8012 (CM), 2020 WL 257475, at *25 (S.D.N.Y. Jan. 17, 2020) (holding that nonparties could not be held in contempt "as long as they made diligent and energetic efforts to comply in a reasonable manner with the . . . Orders" (internal quotation marks omitted)), *aff'd sub nom. Next Invs., LLC v. Bank of China*, 12 F.4th 119 (2d Cir. 2021); *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175 (KMW), 2021 WL 3418475, at *5 (S.D.N.Y. Aug. 5, 2021) (explaining that the Second Circuit "has noted that 'substantial compliance' is the appropriate standard in evaluating noncompliance in a contempt case" and citing cases).  But Alibaba cannot outsource to Plaintiff its own responsibility to comply with the Court's Orders by ceasing advertising and promotion of infringing products.

One final matter warrants brief discussion.  The Stay Order included "keyword searches on Alibaba" as one means of promotion that Alibaba was required to halt.  Stay Order 2.  Alibaba professes, albeit only in a footnote, that it does not understand this "terminology."  Alibaba Ltr. 2 n.1.  In its memorandum in support of its stay motion, Alibaba had stated that it "has imposed filters that prevent certain keywords related to Plaintiff's intellectual property . . . from being used in Google keyword advertisements for Alibaba."  ECF No. 105, at 21.  In its opposition to the stay motion, Plaintiff disputed that Alibaba had done so and asserted instead that Alibaba should cease "offering Squishmallows Marks keyword searches on Google, Alibaba, and AliExpress."  ECF No. 109, at 2.  Plaintiff then provided an example in its opposition of what the AliExpress search screen looks like when a user searches for

3

"squishmallows." *Id.* at 3.  That is what the Court referred to in using the phrase "keyword searches on Alibaba."  Accordingly, to the extent that keyword searches on Alibaba lead to Defendants' infringing products, Alibaba must disable such searches to avoid unlawfully promoting counterfeit products.

SO ORDERED.

Dated: July 31, 2023
New York, New York

                              _____
                                         JESSE M. FURMAN
                                   United States District Judge

4