UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                   :

KELLY TOYS HOLDINGS, LLC,              :

                                   :

                    Plaintiff,          :

                                   :          22-CV-9384 (JMF)

          -v-                         :

                                   :      MEMORANDUM OPINION

19885566 STORE et al.,                :        AND ORDER

                                   :

                   Defendants.       :

                                   :

---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Kelly Toys Holdings, LLC ("Kelly Toys"), a major toy manufacturer, brought this case to prevent approximately ninety e-commerce merchants (the "Merchant Defendants") from selling counterfeits of one of its most popular toy lines, Squishmallows.  *See* ECF No. 18, ¶¶ 1, 3, 14.  The Merchant Defendants sold their products on online platforms, including Alibaba and AliExpress (together, the "Alibaba Defendants").  *Id.* ¶ 14.  After Kelly Toys obtained a temporary restraining order and preliminary injunction, *see* ECF Nos. 18, 22, it filed a Second Amended Complaint adding three claims against the Alibaba Defendants: contributory trademark infringement and counterfeiting under the Lanham Act, contributory copyright infringement, and vicarious copyright infringement.  *See* ECF No. 72 ("SAC"), ¶¶ 190-222.  The Alibaba Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Kelly Toys's new claims.  *See* ECF No. 85.[1]

---

[1]     Alibaba Defendants have separately moved for reconsideration of this Court's Order and Opinion entered June 29, 2023, holding Alibaba Defendants in contempt.  *See* ECF No. 104; *see also* ECF No. 101.  The Court does not address that motion here.

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Upon review of the Second Amended Complaint and the parties' motion papers, the Court concludes that Kelly Toys's claims against the Alibaba Defendants are plausible and that the motion to dismiss must therefore be denied. Kelly Toys alleges, among other things, that the Alibaba Defendants were "made specifically aware of many defendants," including "several Merchant Defendants named in this action, and their specific infringing and counterfeiting activities," through orders in six separate lawsuits against sellers on Alibaba and AliExpress. SAC ¶¶ 59-68. Kelly Toys alleges that, notwithstanding that awareness, infringing listings — including some by the Merchant Defendants — have continued to proliferate on the Alibaba platforms. *Id.* ¶¶ 77-80, 128. These include postings that the Alibaba Defendants had been advised were in violation of the "three-strike policy" they use to terminate the accounts of repeat offenders. *Id.* ¶¶ 65-68, 127. And Kelly Toys alleges that Alibaba Defendants affirmatively

promoted or assisted in promoting infringing listings in several ways, including by granting

infringing Merchant Defendants "Gold Supplier" and "Verified" status, selling keywords related

to Squishmallows to Merchant Defendants and other purported counterfeiters, purchasing

keywords on Google to promote infringing listings, and generating promotional emails

advertising infringing listings.  *Id.* ¶¶ 86-129.  Finally, Kelly Toys alleges that the Alibaba

Defendants reap financial benefits from this conduct, by attracting customers, leading merchants

to pay for additional services, and earning commissions on transactions.  *Id.* ¶¶ 83-85.

These allegations, taken together and assumed to be true, plausibly support the claims

that Kelly Toys brings against the Alibaba Defendants.  *See Lopez v. Bonanza.com, Inc.*, 17-CV-

8493 (LAP), 2019 WL 5199431, at *14-15, 23-25 (S.D.N.Y. Sept. 30, 2019) (discussing the

elements of the claims at issue here).  The Second Circuit's summary order in *Business Casual*

*Holdings, LLC v. YouTube, LLC*, No. 22-CV-3007, 2023 WL 6842449 (2d Cir. Oct. 17, 2023),

offered by the Alibaba Defendants as supplemental authority, *see* ECF No. 126, does not suggest

otherwise.  In that case, unlike here, there was "not a single allegation in the amended complaint

that YouTube had any [prior] knowledge" of the allegedly infringing videos, and "the amended

complaint allege[d] no specific additional acts of infringement [on the channel in question]

. . . after YouTube removed the three infringing videos."  *Bus. Casual Holdings, LLC*, 2023 WL

6842449, at *2.  Nor do the safe harbor provisions of the Digital Millennium Copyright Act

("DMCA"), 17 U.S.C. § 512, provide a basis to dismiss at this stage of the litigation.  Among

other things, the DMCA safe harbor is an affirmative defense to liability.  *See Capitol Records,*

*LLC v. Vimeo, LLC*, 826 F.3d 78, 94 (2d Cir. 2016).  As such, it "may only be raised on a

12(b)(6) motion 'without resort to summary judgment procedure, *if the defense appears on the*

*face of the complaint*.'"  *Myeress v. BuzzFeed Inc.*, 18-CV-2365 (VSB), 2019 WL 1004184, at

*3 (S.D.N.Y. Mar. 1, 2019) (citation omitted).  That is not the case here given some of the allegations noted above.

Accordingly, the Alibaba Defendants' motion to dismiss must be and is DENIED. Unless and until the Court orders otherwise, Alibaba Defendants shall file their Answer within **two weeks** of the date of this Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 12(a)(4)(A). By separate Order, the Court will schedule an initial pretrial conference.

The Clerk of Court is directed to terminate ECF No. 85.

SO ORDERED.

Dated: December 27, 2023
       New York, New York

JESSE M. FURMAN
United States District Judge